UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: GLUCAGON-LIKE PEPTIDE-1
RECEPTOR AGONISTS (GLP-1 RAS)
PRODUCTS LIABILITY LITIGATION MDL No. 3094


TRANSFER ORDER


**Before the Panel**:[*] Plaintiffs in nine actions move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Louisiana. This litigation consists of eighteen actions pending in eleven districts, as listed on Schedule A. In addition, the parties have informed the Panel of 37 related actions pending in fifteen districts.[1]

The scope of this MDL, should the Panel order centralization, is a primary point of contention among the parties. The actions on the motion are personal injury actions stemming from use of glucagon-like peptide-1 receptor agonists (GLP-1 RAs), medicines that are prescribed for, among other things, the treatment of type 2 diabetes and to help certain obese or overweight individuals lose excess weight. GLP-1 RAs mimic the GLP-1 hormone and activate the GLP-1 receptor on the surface of certain human cells, such as in the pancreas, where these medications slow gastric emptying and stimulate the release of insulin. This class of medications includes Ozempic, Wegovy, and Rybelsus, each of which contains semaglutide as the active molecule and which are manufactured by the Novo Nordisk defendants,[2] and Trulicity (dulaglutide) and Mounjaro (tirzepatide), which are manufactured by Eli Lilly and Company. Movants seek to centralize actions involving plaintiffs who used any of these GLP-1 RA medications and in which plaintiffs suffered gastroparesis, ileus, intestinal obstruction or pseudo-obstruction, or other gastrointestinal injury. Movants are supported by plaintiffs in four actions and twelve potential tag-along actions. Plaintiffs in two other actions support centralization of all actions in the Eastern District of New York or, alternatively, the Western District of Louisiana. The Novo Nordisk defendants likewise support centralization of all actions, though they suggest centralization in the Middle District of North Carolina or the Southern District of California.

---

[*] Judge David C. Norton did not participate in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Novo Nordisk A/S; Novo Nordisk North America Operations A/S; Novo Nordisk US Holdings Inc.; Novo Nordisk US Commercial Holdings Inc.; Novo Nordisk Inc.; Novo Nordisk Research Center Seattle, Inc.; and Novo Nordisk Pharmaceutical Industries LP.

- 2 -

All other responding parties oppose including claims against Eli Lilly in this MDL. More specifically, plaintiffs in one action on the motion and seven potential tag-along actions support creation of a Novo Nordisk-only MDL. They suggest, either in the first instance or in the alternative, that the litigation be centralized in the Eastern District of Pennsylvania. Plaintiffs in three of these actions suggest the Northern District of Florida, the Northern District of Illinois, or the Northern District of New York as their first choice of transferee venue. Several of these plaintiffs also propose renaming this litigation *In re Novo Nordisk Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation.* Defendant Eli Lilly also opposes inclusion in a multi-defendant MDL. If the claims against Eli Lilly are included in this MDL, Eli Lilly suggests centralization in the Southern District of Indiana, the Middle District of North Carolina, the District of Utah, the Southern District of California, or (as an alternative to the Eastern District of Pennsylvania), the Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each lawsuit contains substantially similar allegations about GLP-1 RAs (specifically, Ozempic, Wegovy, Rybelsus, Trulicity, and/or Mounjaro) and their alleged propensity to cause gastrointestinal injuries. All actions share common issues of fact regarding whether defendants knew or should have known that their GLP-1 RA products can cause gastroparesis and other gastrointestinal injuries, whether defendants adequately warned plaintiffs or their prescribing physicians about the alleged dangers of these products, and whether defendants made false, misleading, or incomplete representations regarding the safety of these products.

The parties opposing creation of a multi-defendant MDL argue that Novo Nordisk and Eli Lilly manufacture distinct branded prescription medications that contain different molecules, and which will have different regulatory histories, labeling, marketing conduct, and side effects. Undoubtedly, there will be significant differences between the claims against each defendant. But a complete identity or even a majority of common factual or legal issues is not a prerequisite to transfer under Section 1407. *See In re Darvon, Darvocet & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011). Both defendants' products at issue in these actions are GLP-1 RAs and share a mechanism of action and physiologic effect.[3] The claims against Novo Nordisk and the claims against Eli Lilly are likely to involve some common discovery, particularly with respect to the alleged biological mechanism of injury and may entail overlapping expert witnesses. Centralization will facilitate a uniform and efficient pretrial approach to this litigation, eliminate duplicative discovery, prevent inconsistent rulings on expert testimony and other pretrial issues, and conserve the resources of the parties, their counsel, and the judiciary. *Cf. In re Hair Relaxer Mktg., Sales Pracs., & Prods. Liab. Litig.*, 655 F. Supp. 3d 1374, 1376–77 (J.P.M.L. 2023) (centralizing actions involving multiple competing defendants who sold different lines of products); *In re Proton-Pump Inhibitor Prods. Liab. Litig. (No. II)*, 261 F. Supp. 3d 1351, 1354–55 (J.P.M.L. 2017) (centralizing cases involving kidney injuries relating to an entire class of drugs with multiple branded versions, plus generic counterparts).

---

[3] Eli Lilly and several plaintiffs emphasize that Mounjaro (tirzepatide), unlike the other medications at issue, activates glucose-dependent insulinotropic polypeptide (GIP) receptors. Eli Lilly does not dispute, however, that Mounjaro also is a GLP-1 RA and activates GLP-1 receptors.

- 3 -

Generally, we are wary of centralizing litigation on an industry-wide basis. *See, e.g.*, *In re Invokana (Canagliflozin) Prods. Liab. Litig.*, 223 F. Supp. 3d 1345, 1348 (J.P.M.L. 2016) (declining to create an MDL encompassing all SGLT2 inhibitors). Here though, we are not convinced that alternatives to centralization—such as informal cooperation between the parties and coordination among the involved courts—are preferable to centralization of the actions containing claims against Eli Lilly. Plaintiffs suggest that related cases will number in the thousands, and prescriptions of GLP-1 RAs have increased dramatically in recent years. (According to some parties, nearly two percent of the U.S. population has been prescribed a GLP-1 RA.) The opposing parties suggest that the claims against Eli Lilly are peripheral to this litigation, but Eli Lilly is named in more than a fifth (12 of 55) of the actions filed to date. The claims against Eli Lilly alone are sufficiently numerous and complex that they qualify for centralized treatment. Moreover, in at least six of these actions, plaintiffs allege they took both a Novo Nordisk product and an Eli Lilly product. Simply excluding actions that name Eli Lilly would result in duplicative discovery and pretrial proceedings with respect to Novo Nordisk.

Separation and remand of the claims under Section 1407(a) against Eli Lilly likewise is not a preferable solution in this instance. Plaintiffs in the "combination" actions allege that both Novo Nordisk and Eli Lilly contributed to a single, indivisible, injury to plaintiff. Separation and remand in effect would require plaintiffs in those actions to prosecute two actions for their alleged injury in two separate courts. In short, centralization of only claims against Novo Nordisk or attempting to separate claims against Eli Lilly would "prove too procedurally complicated." *In re AndroGel Prods. Liab. Litig.*, 24 F. Supp. 3d 1378, 1379 (J.P.M.L. 2014) (centralizing actions against multiple competing manufacturers of testosterone replacement therapies). *See also In re Incretin Mimetics Prods. Liab. Litig.*, 968 F. Supp. 2d 1345, 1346–47 (J.P.M.L. 2013) (centralizing actions against competing defendants which manufactured four similar diabetes drugs that allegedly caused pancreatic cancer).

We do not discount the case management-related complexities that a multi-product and multi-defendant MDL such as this may entail. But in the circumstances presented here, centralization under Section 1407 is the best course for all the actions. As we repeatedly have stated, a transferee judge can employ any number of techniques, such as establishing separate discovery and motion tracks, to manage pretrial proceedings efficiently. *See AndroGel*, 24 F. Supp. 3d at 1379–80. If, after close examination, the transferee judge determines that Section 1407 remand of any claims or actions involving a particular defendant or GLP-1 RA product is appropriate, procedures are available to accomplish this with minimal delay. *Id.* at 1380 (citing Panel Rule 10.1).

The Eastern District of Pennsylvania is an appropriate transferee district for this litigation. Thirteen of the 55 actions (including potential tag-along actions) are pending in this district—the most actions of any district. Novo Nordisk Inc.'s headquarters is in nearby Plainfield, New Jersey, and it is alleged that many of the witnesses and documents relating to the sales and marketing, regulatory affairs, and safety and pharmacovigilance of Novo Nordisk's products will be located there. The Eastern District of Pennsylvania also provides a convenient and accessible location for this nationwide litigation. We assign this litigation to the Honorable Gene E. K. Pratter, an experienced MDL jurist who we are confident will steer this litigation on a prudent and expeditious course.

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Gene E. K. Pratter for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton      Matthew F. Kennelly
Roger T. Benitez         Dale A. Kimball
Madeline Cox Arleo

CLERK'S OFFICE
TRUE COPY CERTIFIED FROM THE RECORD

Feb/5/2024

By: s/*Ashley Mastrangelo*

**Deputy Clerk, U.S. District Court
Eastern District of Pennsylvania**

IN RE: GLUCAGON-LIKE PEPTIDE-1
RECEPTOR AGONISTS (GLP-1 RAS)
PRODUCTS LIABILITY LITIGATION  MDL No. 3094

## SCHEDULE A

District of Idaho

HOTCHKISS v. ELI LILLY AND COMPANY, C.A. No. 1:23−00518
JONES v. NOVO NORDISK A/S, ET AL., C.A. No. 3:23−00511
DECORDE v. NOVO NORDISK A/S, ET AL., C.A. No. 4:23−00517

Southern District of Iowa

HUFFMAN v. NOVO NORDISK A/S, ET AL., C.A. No. 4:23−00483

Western District of Louisiana

BJORKLUND v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−01020
BREAUX v. NOVO NORDISK INC., ET AL., C.A. No. 2:23−01365
SMITH, ET AL. v. ELI LILLY & CO., C.A. No. 2:23−01610
MANUEL v. NOVO NORDISK INC., ET AL., C.A. No. 2:23−01675
MCDONALD v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−01704

Northern District of Mississippi

BRADLEY v. NOVO NORDISK INC., ET AL., C.A. No. 1:23−00166
KELLY v. NOVO NORDISK A/S, ET AL., C.A. No. 3:23−00446

District of Nebraska

SALINAS v. NOVO NORDISK A/S, ET AL., C.A. No. 4:23−03219

Eastern District of New York

ANDINO v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−08868

Western District of New York

JONES v. NOVO NORDISK A/S, ET AL., C.A. No. 6:23−06684

Eastern District of Pennsylvania

MILLER v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−03924

- A2 -

District of South Dakota

MUILENBURG v. NOVO NORDISK A/S, ET AL., C.A. No. 1:23−01017

District of Utah

OLSON v. NOVO NORDISK A/S, ET AL., C.A. No. 2:23−00844

Western District of Wisconsin

RITCHIE v. NOVO NORDISK A/S, ET AL., C.A. No. 3:23−00797